UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADIHA MINER<br><br>    Plaintiff,<br><br>    v.<br><br>US DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendant. | No. 2:19-cv-1623-MCE-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS AND ORDER |

    Plaintiff Madiha Miner, proceeding without counsel, commenced this action, filed an amended complaint, and requested leave to proceed in forma pauperis. (ECF Nos. 1, 2, 6.)

    A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F. 3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F. 3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

    "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F. 2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim

must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F. 3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Plaintiff filed a complaint on April 22, 2019, and then immediately amended it to include additional allegations. (See ECF Nos. 1, 2.) In her initial complaint, plaintiff sued defendant U.S. Department of Housing and Urban Development ("HUD") for discrimination and invasion of privacy. (EFC No. 1.) Plaintiff writes the phrases "discrimination," "invading our privacy," and "Freedom from Discrimination" in her complaint and references the First, Thirteenth, and Fourteenth Amendments to the United States Constitution, as well as the Civil Rights Act of 1964. (Id.) This complaint provides no factual information as to her claims. (See Id.)

In her amended complaint, Plaintiff appears to further widen the scope of her complaint "to include U.S. Department of Housing and Urban Development in Washington to State, their prosecutors, deputies, and all others . . . ." (ECF No. 2.) She asserts the prosecutors "maliciously harassing plaintiff and as well as her family in Washington State and California State," and re–references the constitutional and statutory provisions from her initial complaint. (Id.) She again provides no factual basis for these conclusory assertions. (Id.)

The undersigned finds the assertions made in the first amended complaint (and, construing the pleadings liberally, the initial complaint's assertions as well) to be insubstantial, implausible, and devoid of merit as to not involve a federal controversy within the court's jurisdiction. Cook, 775 F. 2d at 1035; see, e.g., Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Prosecutors are also entitled to absolute immunity from section 1983 claims.").

Although the court, consistent with the Federal Rules of Civil Procedure and applicable case law, ordinarily liberally grants leave to amend, especially to *pro se* litigants, the nature of

plaintiff's complaint here strongly suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F. 3d 336, 339 (9th Cir. 1996).

**FINDINGS AND RECOMMENDATIONS, ORDER**

Accordingly, it is HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine;
2. Plaintiff's motion to cease and desist (ECF No. 3), motion for judgment (ECF No. 4), motion for summary judgment (ECF No. 5), and motion to proceed in forma pauperis (ECF No. 6) be denied as moot; and
3. The Clerk of the Court be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F. 3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F. 2d 1153, 1156-57 (9th Cir. 1991).

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

IT IS SO ORDERED AND RECOMMENDED.

Dated: August 30, 2019

/Mine.1623

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE